Nos. 15-15865

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

KM ENTERPRISES, INC. and RODNEY KRIS MORGAN,

                                              Plaintiffs-Appellants,

v.

GLOBAL TRAFFIC TECHNOLOGIES, LLC and
GLOBAL TRAFFIC TECHNOLOGIES, INC.,

                                              Defendants-Appellees.

_____

On appeal from the United States District Court
for the Northern District of California
The Honorable Vince Chhabria

_____

**REPLY TO RESPONSE TO
MOTION TO STRIKE PORTIONS OF
GLOBAL TRAFFIC TECHNOLOGIES LLC'S AND
GLOBAL TRAFFIC TECHNOLOGIES, INC.'S
SUPPLEMENTAL EXCERPTS OF RECORD**

_____

# TABLE OF AUTHORITIES

**Cases**

*Kirshner v. Uniden Corp. of Am.,* 842 F.2d 1074 (9th Cir.1988)………………….5

*Thomas v. Douglas,* 877 F.2d 1428, 1435, n. 9 (9th Cir. 1989)……..………………1

**Rules**

Ninth Circuit Rule 30-1………………………………………………...…...1, 2, 3

Ninth Circuit Rule 30-2……………….………………………………….....……..1

Pursuant to Circuit Rule 30-1 and 30-2, Plaintiffs-Appellants KM Enterprises, Inc. and Rodney Kris Morgan (collectively, "KME"), by their undersigned attorney, file this Reply to Response to Motion to Strike filed by Global Traffic Technologies, LLC and Global Traffic Technologies, Inc. (collectively, "GTT"). GTT alleges three categories of flaws with the analysis included in KME's Motion to Strike Portions of the Supplemental Excerpts and draws the broad conclusion that based upon the alleged flaws, the Court should not believe any representation made by KME. KME addresses the alleged flaws as follows:

GTT stated, citing Circuit Rule 30-1.4(a)(x), that KME failed to include relevant portions of the exhibits filed in support of or opposition to the motion on review. KME's argument in its motion to strike is that GTT failed to follow that Rule when it included each exhibit in its entirety rather than "relevant portions." GTT attempts to excuse its disregard of Ninth Circuit Rules in favor of rules related to appendices in other jurisdictions, citing case law that was decided prior to 2009 implementation[1] of the current Circuit Rules regarding Excerpts of Record. D.42, p. 3, citing *Thomas v. Douglas,* 877 F.2d 1428, 1435, n. 9 (9th Cir. 1989).

GTT alleges that KME failed to include in its Excerpts motions and memoranda filed in the district court. D.42, p. 3. Circuit Rule 30-1.5 states:

---

[1] Earlier applicable provisions were implemented in 1997, 2002, 2003 and 2007.

1

> The excerpts of record shall not include briefs or other memoranda of law filed in the district court unless necessary to the resolution of an issue on appeal, and shall include only those pages necessary therefor.

Circuit Rule 30-1.5. The rule explicitly forbids inclusion of briefs in their entirety. The apparent underlying purpose of Rule 30-1.5 is to require legal argument to take place within the page limits of the appellate briefs without reliance on citation to briefing below. Flow of argument is also a possible objective. If the Court would like to read all of the materials provided by GTT, with the exception of items not included in the Record below, KME does not oppose that idea. KME's position is based upon the many hours spent complying with the Circuit Rules and GTT's failure to do so.

KME agreed with GTT that supplementation was proper with regard to portions of KME's argument below regarding claim preclusion, especially in light of the waiver argument raised by GTT in its appellee brief. D. 39, p. 4. KME stated:

> Because GTT has included numerous allegations of waiver in its Appellee Brief, KME assumes those memoranda are included in the Supplemental Excerpts to document that argument. The pages that appear to be appropriately included in the Supplemental Excerpts are pages 418, 454-455, 516-517, 554-556, 855-871 and 894-911.

D. 39, p. 4. There is no reason to include the entire documents as suggested by GTT, however. There is also no reason for GTT to cite its own briefs filed below.

2

KME argued in its Reply Brief that whether the district court converted the motion to dismiss or not does not affect the outcome. Thus, any argument included in KME's post-judgment motions contrary to that position is not relevant to this proceeding. As explained in KME's Reply, the post-judgment motion was filed in order to allow correction by the district court to save appellate resources. Although KME disagrees with GTT's waiver argument, GTT was free to make it and support it with Supplemental Excerpts, as long as the supplementation was in accordance with the Circuit Rules. Nothing in GTT's waiver argument justifies non-compliance with Circuit 30-1.5. Portions of documents not discussed in the appellate briefing or otherwise demonstrated to be relevant for some reason are not allowed under the Circuit Rules.

GTT argues that it included the ten exhibits filed by KME in support of the undisputed position that conversion may not have happened and that if it did, KME provided evidence to oppose a claim preclusion decision on the merits. D. 42, p. 6. KME also provided relevant portions of nine of those exhibits in its Excerpts. GTT has not identified additional pages that are relevant, apparently arguing instead that the entire documents are somehow relevant. The Circuit Rules simply do not allow this.

KME's Excerpts included nine of the exhibits attached to KME's Response to Motion to Dismiss. Exhibit E, which is KME's Minnesota Response to Motion

to Permit Use, explains why KME encouraged GTT to develop its claim preclusion argument and refile it within the filing deadline and KME's concern about disclosing the sealed document at issue based upon GTT's previous extreme response to KME's mention of the subject matter of a sealed document in previous litigation. A673-680. KME did not discuss that exhibit in it Appellant Brief and did not include any of its pages in the record. GTT likewise did not discuss the filing. Exhibits I and J in support of KME's Response to Motion to Dismiss were filed by GTT in support of its Motion to Dismiss as Exhibits 4 and 6. They are included in KME's Excerpts at A063-065 and A052-062. KME also provided portions of any of GTT's exhibits that were discussed in the Appellant Brief. GTT's conclusion that inclusion of all of the briefing and materials before the district court is simply not in line with the Circuit Rule, in particular, or appellate practice in general. GTT improperly presumes that the Court will review, without explanatory briefing, entire documents filed in the district court.

    KME alleged that GTT included its Motion and Memorandum in Support of Motion to Dismiss, A202-224, Reply to Response to Motion to Dismiss, A755-767 and Memorandum in Opposition to Motion to Alter or Amend the Judgment, A872-893. GTT states that it "absolutely cited those documents in its answering brief." KME looked for the citations twice before it located the five references on four pages. Certainly 54 pages of excerpts are not required to support citation to 9

4

pages of citations to GTT's briefing below, which is generally repeated in its appellate analysis. In any case, references to GTT's briefing in the lower court are not relevant to any argument alleged in its brief.

KME's statement that A815-841 were not cited in the appellee brief is disputed by GTT. D. 42, p. 7. Actually the correction made by GTT cited the letter from GTT's Minnesota attorney to KME's Minnesota attorney, which is included in KME's Excerpts at A068-071. The issue regarding the inaccurate cover page, which indicated that the document was Exhibit 2 rather than Exhibit 1 is correctly represented in KME's table of contents. The cover page problem is a result of using Adobe Acrobat DC to place portions of documents in reverse chronological order as required by the Circuit Rule.

GTT suggests that its inclusion of the Eastern District of New York magistrate order in its excerpts is required by the Rules. GTT cites the document for the first time on appeal to dispute a fact alleged in the Complaint. *Kirshner v. Uniden Corp. of Am.,* 842 F.2d 1074, 1077 (9th Cir.1988) (evidence not before the trial court is generally not considered on appeal). Evidence has surfaced since that impromptu hearing was held which counters the magistrate's determination. That is an issue for a time when the facts alleged are not assumed to be true. The document should be stricken.

KME's purpose on this motion is to point out GTT's filing of briefing in disregard of the Circuit Rules. The only relevant portion of the briefing below from KME's perspective is the portion of KME's Response to Motion to Dismiss that addresses GTT's claim preclusion argument. In addition, KME questions GTT's failure to excise non-relevant pages from its Supplemental Excerpts and failure to cite the Excerpts where those pages were provided by KME in compliance with the Rules.

Dated: February 25, 2016.

        Respectfully submitted,

        **Jana Yocom, P.C.**

        */s/ Jana Yocom*
        Jana Yocom Rine
        Jana Yocom, P.C.
        8930 Pierce Drive
        Evansville, Indiana 47725
        Telephone: 618-731-1944
        Email: jana.yocom@gmail.com

        *Attorney for KM Enterprises, Inc. and Rodney Kris Morgan*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the Reply to Response Motion to Strike Portions of GTT's Supplement Excerpt with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on February 25, 2016.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Jana Yocom*
Jana Yocom Rine

Case: 15-15865, 02/25/2016, ID: 9878784, DktEntry: 43, Page 10 of 10